*W. E. Leffingwell* and *E. Cook*, for plaintiff in error.

*Platt Smith*, for the state.

————•◆•————

REED *v.* MURPHY & BURKE.

The supreme court is not authorized to grant an injunction upon original petition; but each judge of that court in his separate capacity is empowered to grant injunctions.    •

*In Equity. Appeal from Jones District Court.*

*Opinion by* GREENE, J. In this case an injunction was granted by a judge of the supreme court. The writ

was made returnable to the district court of Jones county. On motion in that court the injunction was dissolved on the ground that the judge granting the same had no jurisdiction in the case. To support this decision the constitution of the state in defining the powers of the supreme court is relied upon. It provides that this court "shall have appellate jurisdiction only in all cases in chancery and shall constitute a court for the correction of errors at law, under such restrictions as the general assembly may by law prescribe. The supreme court may have power to issue all writs and process necessary to do justice to parties and exercise a supervisory control over all inferior judicial tribunals, and the judges of the supreme court shall be conservators of the peace throughout the state." Art. 6, § 3.

It is very clear that under this clause the supreme court has no original jurisdiction over any case, that the powers of the court are merely of an appellate and supervisory character and do not extend to the allowance of an injunction upon an original application; but it does not therefore follow that the judges of that court in their separate capacity may not be invested with authority which the constitution does not confer upon them as a court. When acting as a court the co-operation of at least two of the judges is necessary; still by the clause above quoted the judges are individually authorized to be conservators of the peace, not as a court but when detached from their court, as judges of the state. Separately, each judge may administer oaths, take acknowledgements and do other original acts from which they are restrained in their collective capacity as a court. Severally, they may, by virtue of their office and to the extent authorized by statute, act and decided originally upon an application: but jointly as a court they can only act in an appellate and supervisory capacity.

It is provided by statute, that "the several district courts or any judge of the supreme court in vacation, may grant writs of injunction in cases allowed by the general

usages of courts of equity." This by no rule of construction can be regarded as in conflict with the constitution.

As the injunction in this case was not allowed by the supreme court, but by a judge of that court in vacation, we conclude that the court below erred in dissolving the injunction for that cause.

Judgment reversed.

*P. Smith*, for plaintiff in error.

*John P. Cook*, for defendants.